IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| RICHARD SHAFFER,<br><br>  Plaintiff,<br><br>v.<br><br>ACS GOVERNMENT SERVICES, INC.,<br><br>  Defendant. | CIVIL ACTION NO. 8:03-cv-02138-AW |

**DEFENDANT ACS GOVERNMENT SERVICES, INC'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL RESPONSES TO
PLAINTIFF'S THIRD SET OF INTERROGATORIES
AND THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS
<u>AND REQUEST FOR HEARING</u>**

Defendant ACS Government Services, Inc., by and through its attorneys, hereby submits its opposition to Plaintiff's Motion to Compel Responses to its Third Set of Interrogatories and Third Request for Production of Documents.

I.   FACTUAL STATEMENT

On May 3, 2005, Plaintiff served Requests for Admission accompanied by a Third Set of Interrogatories and Third Requests for Production of Documents. The latter discovery requests in essence, required Defendant to supplement the information that it was required to provide under Rule 36 of the Federal Rules of Civil Procedure in its responses. Defendant responded to the Requests for Admission on July 20, 2005, after they were re-served on June 20, 2005. Defendant's responses to Plaintiff's Third Set of Interrogatories and Third Requests for Production of Documents were due by July 25, 2005.

James Loots, a former associate of Ford & Harrison LLP who was Defendant's lead trial counsel in this case, and who was apparently distracted from some of his professional

obligations, failed to have calendared the deadline for responding to these discovery requests in accordance with the firm's calendaring procedures and inadvertently missed the deadline for responding to the requests. On September 16, 2005, Plaintiff filed a motion to compel responses to the Third Set of Interrogatories and Third Request for Production of Documents. Defendant's response to the motion was due on October 3, 2005. Unfortunately, Mr. Loots failed to file a response to the motion to compel. Effective October 7, 2005, Mr. Loots' affiliation with Ford & Harrison terminated, and Alison Davis became counsel.

On October 28, 2005 after Plaintiff's counsel would not consent to proposing a date, as the Court requested, for filing dispositive motions, Ms. Davis filed a motion requesting that the Court intervene and set the date 30 days after the resolution of pending discovery issues. In response, on November 1, 2005, Plaintiff filed a response in opposition to Defendant's request in which Ms. Davis and Ford & Harrison learned for the first time that Mr. Loots had failed to respond to both of Plaintiff's discovery requests (the Third Set of Interrogatories and Third Requests for Production of Documents) and the related motion to compel. Defendant is in the process of curing this deficiency.

## II.     ARGUMENT

### A.     DEFENDANT SHOULD NOT BE COMPELLED TO RESPOND TO THESE DISCOVERY REQUESTS, WHICH VIOLATE RULE 36 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

The specific discovery requests that form the basis of Plaintiff's motion are as follows:

1. **INTERROGATORY NO. 1:**     For each denial to Plaintiff's First Request for Admissions, state in detail the factual basis upon which you base the denial.

2. **REQUEST NO. 1:**    All documents which relate in any way to the following: Any document which supports or was relied upon to answer Plaintiff's First Request for Admissions and/or Plaintiff's Third Set of Interrogatories to Defendant ACS Government Services.

These interrogatories and document requests are a blatant effort to circumvent the rule governing requests for admission. The veracity of a party's answers to requests for admission is not a discoverable issue. *Rhone Poulenc Rorer Inc.*, 1992 WL 394425, *9. Under Rule 36, a party does not have an obligation to qualify a denial in any way. A party's sole obligation is to qualify any answer that denies only part of a request for admission, and make a reasonable inquiry before giving lack of information or knowledge as a reason for failure to admit or deny. *Id. See also* Rule 36(a). Defendant has fully complied with its obligation under Rule 36 in responding to Plaintiff's first set of requests for admission. *See* Exhibit A(Response of ACS Government Services, Inc. To Plaintiff's First Requests for Admission).

Further, Defendant was not obligated to answer Plaintiff's Third Set of Interrogatories and Third Request for Production of Documents because they are unduly burdensome. They are merely an attempt to impose duties on Defendant in excess of those under Rule 36. *See Lakehead Pipe Line Co. v. American Home Assurance Co.*, 177 F.R.D. 454, 458 (D. Minn. 1997); *Rhone Poulenc Rorer Inc. v. The Home Indemnity Co.*, 1992 WL 394425, *9 (E.D. Pa., Dec. 28, 1992)(noting a party has no duty to qualify a denial in any way); *see also Wigler v. Electronic Data Systems Corp.*, 108 F.R.D. 204, 206 (D.Md. 1985)(explaining requests for Admission are a discovery tool to obtain admissions of facts already known). Accordingly, Defendant's failure to respond to these interrogatories and requests for documents was harmless because Plaintiff was not entitled to the information sought.

Moreover, Defendant's counsel's failure to comply with the deadline for responding to these discovery requests clearly was due to excusable neglect. As demonstrated above, there is no danger of prejudice to Plaintiff because it was not entitled to the information requested. *Greenspring Racquet Club, Inc. v. Baltimore County, MD*, 77 F.Supp.2d 699, 701 (D. Md.

1999). In addition, Defendant's delay in responding to these discovery requests has had no impact on the judicial proceedings since there is no trial date and dispositive motions have yet to be filed.[1] Accordingly, the Court should not compel Defendant to respond to these improper discovery requests. *Krewson v. City of Quincy*, 120 F.R.D. 6 (D. Mass. 1988) (court has discretion to decline to compel production of requested documents even if timely objection has not been made when request far exceeds the bounds of fair discovery).

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel should be denied in its entirety. A proposed order denying Plaintiff's Motion is attached hereto.

---

[1] Even if the Court grants Plaintiff's motion to compel, the Court should not impose any sanctions on Defendant. Defendant should not be penalized for the omissions of its counsel. *Gilliam v. Lee County School Bd.*, 2002 WL 31039139 (W.D. Va. 2002) (court declined to penalize plaintiff for her attorney's failure to timely file summary judgment response).

## REQUEST FOR HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, ACS Government Services, Inc. respectfully requests that a hearing be held in connection with this Motion.


Dated: This 9th day of November, 2005    Respectfully submitted,

By: _____
Alison N. Davis, *Pro Hac Vice* Bar No. 82773
Kevin Kraham Bar No. 26220
FORD & HARRISON LLP
1300 19th Street, N.W., Suite 700
Washington, DC  20036
(202) 719-2000
(202) 719-2077 (Facsimile)
adavis@fordharrison.com

Attorneys for Defendant ACS Government Services, Inc.

## CERTIFICATE OF SERVICE

I, Alison N. Davis, hereby certify that a true and correct copy of **DEFENDANT ACS GOVERNMENT SERVICES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S THIRD SET OF INTERROGATORIES AND THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR HEARING** was served via electronic case filing on November 9, 2005 on the following:

>Adam Augustine Carter, Esq.
>EMPLOYMENT LAW GROUP, PLLC
>888 17th Street, N.W.
>Washington, D.C. 20006

*/s/ Alison N. Davis*
Alison N. Davis

# ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |
|---|---|
| RICHARD M. SHAFFER, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>ACS GOVERNMENT SERVICES, INC. )<br>)<br>Defendant. )<br>_____) | Civil Action No. 8:03-cv-02138-AW<br>(Referred to Magistrate Judge<br>Charles B. Day for Discovery Issues) |

### Response of ACS Government Services, Inc. To Plaintiff's First Requests for Admission

Now comes Defendant ACS Government Services, Inc., and in response to the Plaintiff's First Requests for Admissions states as follows:

1. Denied. Defendant interprets the word "survived" to mean that an individual continued employment in his or her same capacity with Lockheed Martin Information Services past the transitional period following acquisition of ACS Government Services, Inc.

2. Denied.

3. Denied.

4. Denied. Defendant interprets the words "supporting Mr. Shaffer" to mean supporting the basis for his termination.

5. Admitted. Defendant interprets the words "performance improvement plan" to mean a formal program or plan for improving deficient employee performance.

6. Denied.

7. Denied. Defendant interprets the words "performance evaluation" to mean a statement by management to the employee with respect to his quality of job performance.

8. Denied, except admit that Mr. Burke was among those who had the authority to discuss with Mr. Shaffer any performance concerns, and aver that he did so during the referenced period.

9. Denied, except admit that Mr. Stein was among those who had the authority to discuss with Mr. Shaffer any performance concerns, and aver that he did so during the referenced period.

10. Denied. Defendant interprets the words "reported to" to mean an individual in supervisory chain of command.

11. Admitted.

12. Denied. Defendant interprets the word "survived" to mean that an individual continued employment in his or her same capacity or a similar capacity with Lockheed Martin Information Services past the transitional period following acquisition of ACS Government Services, Inc. Mr. Antonelli resigned 03/01/03.

13. Denied. Defendant interprets the word "survived" to mean that an individual continued employment in his or her same capacity or a similar capacity with Lockheed Martin Information Services past the transitional period following acquisition of ACS Government Services, Inc. Mr. Burke resigned on 12/13/03.

14. Admitted. Defendant interprets the word "survived" to mean that an individual continued employment in his or her same capacity or a similar capacity with Lockheed Martin Information Services past the transitional period following

acquisition of ACS Government Services, Inc. Mr. Kaiser is now employed by Lockheed in the capacity of Business Development Analysis Manager.

15. Denied. Defendant interprets the word "survived" to mean that an individual continued employment in his or her same capacity or a similar capacity with Lockheed Martin Information Services past the transitional period following acquisition of ACS Government Services, Inc. Mr. Stein resigned from Lockheed on 08/08/04 from the position of Business Development Analysis Director.

16. Denied. Defendant interprets the word "survived" to mean that an individual continued employment in his or her same capacity or a similar capacity with Lockheed Martin Information Services past the transitional period following acquisition of ACS Government Services, Inc. Mr. Belac resigned on 07/01/03.

17. Admitted. Defendant interprets the word "survived" to mean that an individual continued employment in his or her same capacity or a similar capacity with Lockheed Martin Information Services past the transitional period following acquisition of ACS Government Services, Inc. Mr. McCashin is currently employed by Lockheed in the capacity of Business Development Analysis Manager.

18. Admitted. Defendant interprets the word "survived" to mean that an individual continued employment in his or her same capacity or a similar capacity with Lockheed Martin Information Services past the transitional period following acquisition of ACS Government Services, Inc. Mr. Mahler is currently employed by Lockheed in the capacity of Business Development Analyst, Principal.

19. Denied.

20. Admitted. Defendant interprets the words "worked with" to mean that Mr. Shaffer had some role in gathering information and providing input into the plan, not that Mr. Shaffer had any substantive role in the development of the plan itself..

21. Admitted solely to the statement that the plan identified long term opportunities at NASA.

22. Admitted that substantial information concerning NASA long-term contracting opportunities was presented to these persons by Mr. Christensen, not necessarily in the form of "The NASA Plan" referenced by Plaintiff.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied, except admit that there was no definitive number provided to Mr. Shaffer as a certain "project growth target."

29. Denied.

30. Defendant is without knowledge or information sufficient to respond to this request, inasmuch as it does not know and cannot devine the definition of "jobs" and does not have direct knowledge of all managed IT contracts "sent to bid" by NASA during this time frame.

31. Defendant is without knowledge or information sufficient to respond to this request, inasmuch as it does not know and cannot devine the definition of "jobs" and does not have direct knowledge of all managed IT contracts "sent to bid" by NOAA during this time frame. (It is assumed that the request refers to the National Oceanic Atmospheric Administration).

July 19, 2005

              ACS Government Services, Inc.

              BY: _____
              James M. Loots
              FORD & HARRISON LLP
              1300 19th Street NW Suite 700
              Washington DC 20036
              (202) 719-2028
              facsimile: (202) 719-2077

### Certificate of Service

I hereby certify that a copy of the foregoing was sent this 19th day of July 2005, by electronic mail and first class mail, postage prepaid to:

Adam A. Carter
R. Scott Oswald, #25391
NOTO & OSWALD, PC
888 17th Street, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
Counsel for Plaintiff

              _____

DC:55577.1

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| RICHARD SHAFFER,<br><br>    Plaintiff,<br><br>v.<br><br>ACS GOVERNMENT SERVICES, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 8:03-cv-02138-AW |

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Motion To Compel responses to his Third Set of Interrogatories and Third Requests for Production, Defendant's opposition thereto and any reply it is this _____ day of _____, 2005, hereby:

**ORDERED** that Plaintiff's Motion is DENIED.

_____
Judge, U.S. District Court for the District of Columbia

Copies to:

Adam Augustine Carter, Esq.
EMPLOYMENT LAW GROUP, PLLC
888 17th Street, N.W.
Washington, D.C. 20006
acarter@employmentlawgroup.net

Alison N. Davis
Kevin M. Kraham
FORD & HARRISON LLP
1300 19th Street, N.W.
Suite 700
Washington, DC 20036
adavis@fordharrison.com